57 CCPA

**Application of John L. SZAJNA and Ronald G. Lump.**

**Patent Appeal No. 8270.**

United States Court of Customs and Patent Appeals.

March 5, 1970.

Mason, Porter, Diller & Brown, Washington, D. C., attorneys of record, for appellants; Vincent L. Ramik, Charles J. Diller, Washington, D. C., of counsel.

Joseph Schimmel, Washington, D. C., for the Commissioner of Patents; Jere W. Sears, Washington, D. C., of counsel.

Before RICH, Acting Chief Judge, ALMOND, BALDWIN, and LANE, Judges, and FORD, Judge, United States Customs Court, sitting by designation.

ALMOND, Judge.

This is an appeal from the decision of the Patent Office Board of Appeals, adhered to upon reconsideration, affirming the examiner's rejection of claims 1–19, all of the claims in appellants' application entitled "Method of Blowing Engraved Appearing Bottles Without the Use of Engraved Molds and Molds for Same." [1]

In the forming of plastic bottles by expanding a plastic tube under internal pressure within a mold, it is apparently desirous at times to produce bottles having surface ornamentation or indicia having the appearance of engraving. In order to achieve this, appellants have provided a manner of quickly and economically modifying the smooth internal molding surface of a typical splithalf blow mold so that the mold is capable of forming an engraved-appearing surface on a bottle blown within the mold without permanently altering the molding surface itself. This conversion is accomplished by adhesively securing to the mold interior a flexible insert having the desired configuration. Thus, the insert can be stripped from the mold after molding.

The claims fall in three groups: (1) Claims 1, 10 and 19 to an insert per se; (2) claims 2–7 and 11–15 to a blow molding method, and (3) claims 8, 9, 16–18 to a modified mold. Representative are claims 1, 2 and 8:

1. An insert for converting a mold having a smooth molding surface to produce articles having an engraved appearing surface, said insert including a plastice base and metallic sur-face layer on one face of said base, the surface of said metallic surface layer being configurated complementary to the desired molded surface, and a low pressure adhesive on the base remote from said metallic surface layer for securing the insert within a mold.

2. A method of blow molding an engraved appearing plastic bottle utilizing a two part mold specifically formed for the molding of a plastic bottle having a surface configuration divided by a mold parting line with at least one half of said mold having a normally smooth molding surface, comprising the steps of temporarily modifying said mold half smooth molding surface by releasably applying to said smooth molding surface remote from the edges of said mold a thin insert having a desired surface configuration, blow molding a bottle within said modified mold with said insert projecting into the outer surface of the bottle during the molding process to provide the desire engraved appearance, setting the plastic of the bottle within said modified mold, and stripping the blow molded bottle from said mold with said insert remaining in place and intact on said modified mold half.

8. A mold particularly adapted for the blow molding of plastic bottles comprising two mold halves with at least one of said mold halves having a smooth molding surface remote from the edges thereof, said mold being complete and capable of use in blow molding usable plastic bottles, and a removable insert overlying at least a part of said smooth molding surface and forming a part of the molding surfaces of said mold, said insert presenting a three dimensional molding surface to produce engraved appearing impressions in bottles blow molded in said mold.

---

1. Serial No. 391,068 filed August 17, 1964, alleged to be a continuation-in-part of application serial No. 57,994 filed September 23, 1960.

The references relied upon are:[2]

| Benson | 1,744,438 | January 21, 1930 |
| Lawson | 1,969,083 | August 7, 1934 |
| Haines | 2,632,202 | March 24, 1953 |
| Graham et al. | | |
| (Graham) | 2,779,057 | January 29, 1957 |
| Frank | 2,904,918 | September 22, 1959 |

Benson discloses imprinting inner tubes while vulcanize molding them. A transfer is temporarily secured to a mold section by means of a dab of rubber cement, while an exposed face of the transfer is provided with ink or bronze. When a tube is inflated within the mold, the transfer attaches to the tube and is removed from the mold upon removal of the tube. The transfer is then stripped from the tube leaving the printing thereon.

Lawson relates to molding articles from plastic materials and especially the branding or marking of rubber or other plastic articles as they are formed in a mold and has as an object interchangeability of design. Illustrating his invention by reference to vulcanizing inner tubes, the patentee states:

In order to brand the tube with identifying indicia it is customary to provide one or more of the mold members with either raised or sunk lettering to impress the tube. Where it is desired to provide different indicia on tubes of the same size, this would ordinarily require different molds. In order to obviate this difficulty, one of the mold parts 16 is formed with a dove tailed recess 22 extending from the parting of the members 15, 16, along a face of the member 16 and a removable branding plate 23, having on its back a dove-tailed key 24, adapted to slidably engage the recess, is provided to be detachably mounted in the mold.

Haines discloses blow molding hollow containers by extruding a plastic tube into a split-half mold, closing the mold about the tube and directing air into the tube to expand it within the mold. The mold interior may be provided with a recess into which is placed a printed plastic film which is fused to the expanded container upon contact or the recess may be omitted.

Graham discloses a molding apparatus for molding printing plaques in which letters are magnetically held on the molding surface while plastic material is poured thereon. After curing, the printing plaque is removed while the magnetically held elements remain fixed to the surface.

Frank discloses a method of mounting decorative indicia by means of a sheet having pressure-sensitive adhesives on opposite faces thereof. One of the cover strips is removed and metal particles are applied to the exposed adhesive layer. Thereafter the other cover strip is removed and the sheet is applied to the desired surface.

The examiner rejected claims 2–7 and 11–15 on the ground of *res judicata* based upon the prior board decision in appellants' parent application. The examiner also rejected claims 1–19 on prior art under 35 U.S.C. § 103.

Prior to treating the examiner's rejections and the board's affirmance thereof, we turn to what appellants contend is the first issue involved in this appeal, viz., the jurisdictional propriety of the presence of claims 11–13, 15, 16 and 18 before the court for decision thereon. In his Answer, the examiner withdrew a

2. Three additional references cited by the examiner in support of a rejection are not set out here since the board found them "to be cumulative thereto."

multiplicity rejection and for the *first and only time* rejected the above claims on prior art. It is appellants' contention that, under the requirements of 35 U.S.C. §§ 132, 134,[3] they were entitled to have the claims re-examined or twice examined and therefore the claims were not properly before the board for consideration and are not properly jurisdictionally presented to this court. The solicitor responds by pointing out that, upon petition of appellants, the Commissioner reviewed this procedural aspect and failed to find error; thus, appellants' dissatisfaction therewith was reviewable only in the District Court under Title 35 U.S.C.

While the solicitor's position possesses practical merit, it is well settled that it is incumbent upon an appellate court to inquire as to the absence or presence of jurisdiction of the subject matter, lest the lack of such jurisdiction render any decision which it might make on the merits a nullity. We have, therefore, examined the record and considered appellants' arguments and the statutes in support thereof to determine whether claims 11–13, 15, 16 and 18 are properly before us for decision. We conclude that they are. A careful reading of sections 132 and 134 renders untenable appellants' position. Those sections do not require that *each and every* claim presented during the prosecution of an application must be twice examined and twice rejected on the *same ground*. Section 134 appears to imply the contrary since it permits an appeal to be taken when *any* claim has been twice rejected. Nevertheless, the claims here in question have been twice rejected, contrary to appellants' allegations, since the examiner rejected them on the grounds of undue multiplicity and as being based on new matter prior to the rejection in his Answer.

Considering next the examiner's rejections on prior art under 35 U.S.C. § 103, we find first that the board sustained the rejection of claims 1, 10 and 19 directed to the insert based upon Frank alone. The board held:

> Frank discloses a flexible, three-dimensional, metalized adhesive-coated article which alone responds to all the structure of appellants' insert as claimed. We considered it well settled in law that claims drawn to structure must distinguish from the prior art in terms of structure rather than function.

The board further affirmed the examiner's rejection of claims 2–7 and 11–15 based upon either Lawson or Graham in view of Benson and alternatively upon Haines in view of Lawson, Graham or Benson. Of the latter, the board stated:

> As we view the Haines disclosure it is even more pertinent to the claimed process than the basic references used in the preceding rejection since the process disclosed in Haines is one of marking plastic bottles during the blow molding thereof by using an insert that is positioned over a surface of the two part mold that can be either recessed or smooth * * *. We find no error in our previous holding that the prior art, as evidenced by the secondary references here applied by the Examiner, would render it obvious in

3. The statutory provisions state, in pertinent part:

§ 132. Notice of rejection; reexamination

Whenever, on examination, any claim for a patent is rejected, or any objection or requirement made, the Commissioner shall notify the applicant thereof, stating the reasons for such rejection, or objection or requirement, together with such information and references as may be useful in judging of the propriety of continuing the prosecution of his application; and if after receiving such notice, the applicant persists in his claim for a patent, with or without amendment, the application shall be reexamined.

§ 134. Appeal to the Board of Appeals

An applicant for a patent, any of whose claims has been twice rejected, may appeal from the decision of the primary examiner to the Board of Appeals, having once paid the fee for such appeal.

the Haines process to choose between a marking of the bottle by an insert that either attaches itself to the bottle or is retained in the mold for embossing. The means for retention in the mold obviously could take the form of a mechanical fastener, as in Lawson, of a magnet in the wall of the mold, as is Graham et al. or of an adhesive, as in Benson.

The board also affirmed the rejection of claims 8, 9 and 16–18 as being unpatentable over Haines in view of Lawson, Graham and Benson, specifically adding:

Haines shows the advantage of convertibility of a smooth surface mold to one which can mark the bottle and both Graham et al. and Benson show how a marking insert can be attached to a smooth molding surface at any location desired within the boundaries of that surface.

Appellants contend that the board erred in affirming the rejection of claims 1, 10 and 19 by disregarding the preamble in each claim calling for, in essence, "An insert for converting a mold smooth molding surface into a three-dimensional contoured surface * * *." The failure to consider this functional recitation to be a proper limitation distinguishing over the reference cited is alleged to run contrary to this court's decisions in In re Myers, 410 F.2d 420, 56 CCPA 1129 (1969) and In re Attwood, 354 F.2d 365, 53 CCPA 784 (1966), each of which refers to Kropa v. Robie, 187 F.2d 150, 38 CCPA 858 (1951), for the proposition that introductory words give life and meaning to the claims. Hence, while effectively admitting that the structural recitations in the claims in question find response in Frank, appellants point out that that reference relates to decorative indicia to be applied to packages, wrapping paper etc. and is silent as to a *mold insert*, thus failing to render the claims obvious.

The solicitor counters by contending that this court's holding in Kropa v. Robie, supra, was to the effect only that "claims limitations as to use which necessarily imply structural features may be given weight." In Kropa v. Robie, the solicitor points out, the court surveyed its prior cases dealing with the question of preambles as limitations and found that the preamble had been denied the effect of a limitation where the claim was drawn to a structure and the portion of the claim following the preamble was a self-contained description of the structure not depending for completeness upon the introductory clause.

█ We are, however, inclined to agree with appellants under the circumstances here. The preamble appears to be more than a mere statement of intended use since it gives "life and meaning" to recitations in the body of the claims referring to "configurated complementary to the desired molded surface" and "adhesives * * * for securing the insert within a mold." Considering the introductory language as providing the setting or background for the words that follow, it becomes clear that one skilled in the art would not be expected to consult the decorative indicia art for a mold insert. We emphasize that our only consideration is with the disclosure of Frank *alone* and we fail to find therein any suggestion of a mold insert. Under the precedents of this court, we are constrained to agree with appellants that claims 1, 10 and 19 have not been shown to be obvious in view of the sole reference, Frank, applied thereto.

█ With respect to the rejection of method claims 2–7 and 11–15 and mold claims 8, 9 and 16–18, appellants argue that their singular concept is nowhere disclosed in the prior art and that the Patent Office has improperly chosen from each reference only those teachings which support its position. The prior art, even as combined, it is contended, fails to render obvious the claimed invention. We disagree. While Haines discloses the over-all concept of blow molding and providing the blown hollow article with indicia during the molding process, we find particularly pertinent the teachings of Lawson. Lawson clear-

ly discloses appellants' basic concept of providing a mold with readily interchangeable engraving inserts to obviate expensive duplication of engraved molds. We share the view of the examiner and board that notwithstanding the presence of the dovetail groove in Lawson, a smooth molding surface could obviously be provided, if no indicia were desired on the article, by placing a blank dovetail in the groove without the embossing insert member. While we recognize that Lawson utilizes mechanical means to detachably mount his mold insert, other means such as magnetic or adhesive are fairly suggested by the references Graham and Benson which disclose holding inserts to mold surfaces also. The use of an adhesive of a bonding strength sufficient to maintain the insert fast to the mold surface when the blown article is removed does not appear to be unobvious to one of ordinary skill in the art. We note that Graham provides a magnetic force of such magnitude. Appellants treat the references individually; however, it is our opinion that they are properly viewed together and that when so considered render obvious each of the claims in question.

Having carefully considered appellants' arguments, we are not convinced that the board erred in affirming the rejections of claims 2–9 and 11–18 as unpatentable over the references applied.

The view we have taken with respect to claims 2–9 and 11–18 renders it unnecessary to consider the rejection of claims 2–7 and 11–15 on *res judicata*. Accordingly, the decision of the board is reversed as to claims 1, 10 and 19 and affirmed as to claims 2–9 and 11–18.

Modified.