### SUNDBACK v. BLAIR et al.
Patent Appeal No. 2599.

Court of Customs and Patent Appeals.
Feb. 25, 1931.

Julian S. Wooster, of New York City, for appellant.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal by the appellant Sundback from a decision of the Board of Appeals of the United States Patent Office which affirmed a decision of the law examiner granting a motion by the appellee Blair to dissolve the interference as to all counts, in an interference proceeding which had been declared between the appellant Sundback and the appellees Blair and Perrault. The motion to dissolve was granted upon the ground of anticipation by the patent to Denner-Meier, No. 1,116,249, November 3, 1914, and it was upon this ground of nonpatentability that the Board of Appeals affirmed the decision of the law examiner.

The applications of the several parties were filed as follows:

Sundback, appellant, filed on September 3, 1924.

Blair, appellee, filed on July 2, 1927.

Perrault, appellee, filed on July 2, 1925.

The appellee Perrault is a patentee, his patent being dated January 26, 1926, and the four counts of the issue are claims of said patent copied for purposes of an interference.

Various other proceedings have been had in the Patent Office with reference to the applications of the parties and the interference declared between them, which it is unnecessary to refer to here.

Appellant assigns a large number of errors, the principal one being that the Board of Appeals erred in holding that the counts in issue are not patentable over the prior art.

■ The question confronts us at the outset as to whether this court has jurisdiction of this appeal. If it has not, the appeal of course must be dismissed. This question must be determined by a construction of the statutory law relating to the subject.

By section 482 of the Revised Statutes (35 USCA § 7), the Board of Appeals of the Patent Office is authorized "to review and determine upon the validity of the adverse decisions of examiners upon applications for patents * * * and in interference cases."

By section 483 (35 USCA § 6), the Commissioner of Patents is empowered, subject to the approval of the Secretary of Commerce, to "establish regulations, not inconsistent with law, for the conduct of proceedings in the Patent Office."

Section 4904 (35 USCA § 52) provides that:

"Whenever an application is made for a patent which, *in the opinion of the commissioner*, would interfere with any pending application, or with any unexpired patent, he shall give notice thereof to the applicants, or applicant and patentee, as the case may be, and *shall direct the primary examiner to proceed to determine the question of priority of invention*. And the commissioner may issue a patent to the party who is adjudged the prior inventor, unless the adverse party appeals from the decision of the primary examiner, * * * within such time, not less than twenty days, as the commissioner shall prescribe." (Italics ours.)

Section 4909, as amended by Act March 2, 1927, § 5 (35 USCA § 57), reads as follows:

"Every applicant for a patent or for the reissue of a patent, any of the claims of which may have been twice rejected, and every party to an interference, may appeal from the decision of the primary examiner, or of the examiner in charge of interferences in such case, to the board of appeals; having once paid the fee for such appeal."

Section 4911, as amended by Acts March 2, 1927, § 8, and March 2, 1929, § 2 (35 USCA § 59a), reads as follows:

"If any applicant is dissatisfied with the decision of the board of appeals, he may appeal to the United States Court of Customs and Patent Appeals, in which case he waives his right to proceed under section 63 of this title. If any party to an interference is dissatisfied with the decision of the board of appeals, he may appeal to the United States Court of Customs and Patent Appeals, provided that such appeal shall be dismissed if any adverse party to such interference shall, within twenty days after the appellant shall have filed notice of appeal according to section 60 of this title, file notice with the Commissioner of Patents that he elects to have all further proceedings conducted as provided in section 63. Thereupon the appellant shall have thirty days thereafter within which to file a bill in equity under said section 63, in default of which the decisions appealed from

shall govern the further proceedings in the case. If the appellant shall file such bill within said thirty days and shall file due proof thereof with the Commissioner of Patents, the issue of a patent to the party awarded priority by said board of appeals shall be withheld pending the final determination of said proceeding under said section 63."

The inquiry arises as to the construction of the words "the decision" as used in said section 4911. Does it mean any decision that the Board of Appeals is authorized by the statute and the rules of the Patent Office to render, or only such decisions as the Board of Appeals is specifically authorized by the terms of the statute to render?

 We are clear that appeals can be taken to this court only from decisions which the Board of Appeals is specifically authorized by the statutes to make in proceedings relating to patents, and that any decisions not so authorized, but which are made under authority of the Commissioner of Patents to aid him in the performance of his duties, are not appealable to this court.

In the case at bar, the decision of the Board of Appeals is based upon an appeal from a decision of a law examiner. Nowhere in the statutes relating to the Patent Office is any power conferred upon law examiners to act as tribunals, from whose decisions an appeal may be taken to the Board of Appeals. Nowhere in such statutes are law examiners mentioned, except that there shall be such persons in the Patent Office and their salaries are fixed. The plain inference from this fact is that law examiners can exercise no powers of decision as tribunals of the Patent Office, but act in a purely advisory capacity to the statutory tribunals of the Patent Office, and in certain cases they may act for the commissioner in the performance of the duties imposed upon him by law, in which latter case the decision of a law examiner is, in legal effect, the decision of the commissioner.

The fact that Rule 122 of the Patent Office provides that motions to dissolve an interference shall be heard and determined by the law examiner is immaterial to the question before us. In such case, the law examiner acts for the commissioner. Under no other theory could the decisions of the law examiner have any force whatever. The same observations are true respecting Rule 134,

which provides for an appeal from the decision of the law examiner to the Board of Appeals. In such case the decision of the board is not one which it is authorized to make in its statutory capacity, but is one in which it acts for the commissioner, for the law imposes upon the commissioner the duty of determining whether an interference shall be declared; and, once declared, only the commissioner has the power to dissolve the same, which, under the rules, may be done by other parties in the Patent Office to whom the commissioner has delegated the power to act for him. The statutes do not provide for any appeal to this court from a decision of the commissioner in proceedings relating to patents.

Nowhere in the statutes is the Board of Appeals specifically given any jurisdiction except in a prescribed appellate capacity. If any jurisdiction is exercised by it in proceedings relating to patents, not expressly authorized by the statutes, but under rules of the Patent Office, any decision rendered thereunder is not a decision which is appealable to this court, because there is no statutory authority for such an appeal.

 We repeat that the words "the decision," as used in section 4911, mean a decision of the Board of Appeals rendered by it in the performance of the duties expressly conferred upon it by statute, and they do not include any decision rendered by it pursuant to any rule of the Patent Office conferring upon it a jurisdiction not expressly authorized by the statutes.

Nothing herein should be construed as intimating that, if the decision of the Board of Appeals had been based upon an appeal to it from a decision of a primary examiner or examiner of interferences, dissolving an interference, we would entertain jurisdiction. It is unnecessary for us to decide that question.

We may add that appellant, by following the appropriate procedure, may secure a review by this court of the patentability of his claims, should his application be finally rejected by the primary examiner and the Board of Appeals.

For the reasons stated, the appeal is dismissed for lack of jurisdiction of this court to entertain it.

Dismissed.