UNITED STATES TREASURY,
Appellant,

v.

SYNTHETIC PLASTICS CO., Appellee.

Patent Appeal No. 7275.

United States Court of Customs
and Patent Appeals.

Feb. 11, 1965.

H. L. Godfrey, Washington, D. C., Louise O'Neil, St. Paul, Minn., for appellant.

Norman N. Popper, Newark, N. J., for appellee.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH, and ALMOND, Judges.

SMITH, Judge.

Appellant filed a notice of opposition to registration of the trademark "Guest Star" for "Mechanically Grooved Phonograph Records," based on appellee's application, serial No. 134,165, filed December 15, 1961. Appellee answered the notice of opposition. In this answer, appellee averred:

"By way of further answer to the notice of opposition, applicant further says that the United States Government is without authority to directly or indirectly engage in the sale or manufacture of phonograph records and to appropriate unto itself the trademark "GUEST STAR" or to engage in rendering services or to produce television programs and appropriate service marks or trademarks incidental thereto, in competition with citizens engaged in free private enterprise and to the detriment of such citizens."

Appellant moved to strike all of this paragraph along with a portion of paragraph 1 and all of paragraph 9. This appeal raises the single question of the propriety of the denial of the motion by the Trademark Trial and Appeal Board.

Jurisdiction of this court to entertain appeals from the Trademark Trial and Appeal Board is controlled by Section 21 of the Trademark Act of 1946 (15 U.S.C. § 1071), which contemplates only a review of "the decision" of the Trademark Trial and Appeal Board. The term "decision" when used in such context means a dispositive decision in which a right has been adjudicated. See Seamless Rubber Co. v. Ethicon, Inc., 268 F.2d 231, 46 CCPA 950.

The refusal of the Trademark Trial and Appeal Board to strike the paragraphs referred to in appellant's motion to strike is not such a "decision." It does not adjudicate a right nor is it dispositive of any issue in the pro-

ceeding. It does not, despite appellant's arguments, decide any issue raised by the portions of the answer toward which the motion to strike is directed. As such, there is no basis for the present appeal and it is hereby dismissed.

Dismissed.

WORLEY, C. J., concurs in the result.