56 CCPA

**Application of MARRIOTT-HOT SHOPPES, INC. (Now by change of name, Marriott Corporation).**

**Patent Appeal No. 8354.**

United States Court of Customs and Patent Appeals.

June 19, 1969.

———◆———

Francis C. Browne, Washington, D. C., attorney of record, for applicant; Browne, Schuyler & Beveridge, William E. Schuyler, Jr., Andrew B. Beveridge, Joseph A. DeGrandi, Washington, D. C., of counsel.

S. Wm. Cochran, Washington, D. C., for Commissioner of Patents.

Before RICH, ALMOND and BALDWIN, Judges.

On Motion to Dismiss Appeal

RICH, Judge.

This appeal is before us on the Patent Office motion to dismiss under our Rule 12 on the ground that we lack jurisdiction to determine any issue raised by the reasons of appeal. The Patent Office Solicitor has filed an extensive brief, appellant has replied in opposition to the motion, and the solicitor has filed a reply brief. There has been no oral hearing.

Appellant's sole objective on this appeal apparently is to change the practice in ex parte trademark appeals within the Patent Office to require that they be heard either by the entire Trademark Trial and Appeal Board or by a "common law quorum" thereof, which is alleged to be at least four.[1]

This appeal has been taken from two decisions of the First Assistant Commissioner of Patents rendered in connection with three applications to register trademarks filed by appellant, all of which were rejected by the examiner from whose decisions appeals were taken to the board. The applications are serial No. 178,547, filed October 8, 1963; No. 216,843, filed April 19, 1965; and No. 216,844, filed the same day. They are hereinafter referred to as the first, second, and third applications. The proceedings which gave rise to the Commissioner's decisions here on appeal will now be explained.

The first application was rejected by the examiner and appeal was taken to the Trademark Trial and Appeal Board

---

1. Appellant says the board, as defined in section 17 of the Trademark Act (15 U.S.C. § 1067), has eight members if the First Assistant Commissioner is a member and seven if he is not. In the former case, the quorum is five and in the latter four. The minimum demand is that appellant's ex parte appeal be heard by four members of the board.

which affirmed on November 20, 1967, 156 USPQ 257. The appeal was heard and decided in the usual way by three members of the board.

December 20, 1967, appellant filed two separate papers: (1) a request to the board for a rehearing and reconsideration coupled with a request for consolidation of the appeal on the first application with the appeals on the second and third applications, which had not yet been reached for hearing, alleging that they presented the same basic question; [2] (2) a petition to the Commissioner in the first application "to order a rehearing and reconsideration by the Trademark Trial and Appeal Board *en banc* (i. e., the Commissioner of Patents, the First Assistant Commissioner of Patents, and all of the members of the Trademark Trial and Appeal Board)," alleging such a rehearing "is warranted in view of the importance of the question of law presented * * *." [3]

In the next paper to be mentioned we observe a significant shift in appellant's attitude from petitioning for an en banc hearing because of the importance of the question to demanding an en banc hearing as a matter of statutory right. The appeals to the board in the second and third applications had been consolidated on October 31, 1967, and the briefs were due January 2, 1968.

January 2, 1968, appellant filed his briefs in the second and third application appeals to the board and requested a hearing before the entire Trademark Trial and Appeal Board, en banc. Referring to section 20 of the Trademark Act (15 U.S.C. § 1070) and Trademark Rule 2.141, and contrasting section 17 (15 U.S.C. § 1067) and Rule 2.129(a), appellant asserted:

> Trademark Rule 2.141 provides for appeal to "the Trademark Trial and Appeal Board." No rule sets a lower limit on the number of Board members who may hear *ex parte* appeals, wherefore the statute and rules must be interpreted to mean that applicant is entitled to be heard by the *entire* Board.

January 15, 1968, appellant supplemented its January 2 request by a citation to and discussion of F. T. C. v. Flotill Products, Inc., 389 U.S. 179, 88 S.Ct. 401, 19 L.Ed.2d 398 (decided Dec. 4, 1967), and modified its demand for a hearing before the entire board somewhat by saying that the hearing of an ex parte appeal *must* at least be before a majority or *quorum* of the entire board, while still insisting the hearing *should* be before the entire board. In this supplemental request filed in the consolidated second and third applications, the same contention was made with respect to the *rehearing* requested of the petition on the first application, which had meanwhile been denied as hereinafter explained.

### The Decisions Appealed From

January 4, 1968, First Assistant Commissioner Reynolds denied the December 20 petition to order an en banc reconsideration by the board of its November 20 decision in the first application. Noting the alleged importance of the issues, he pointed out that no request for an en banc hearing had been made until after an adverse decision and further noted appellant's right to review either by this court or a District Court. He felt that the circumstances did not warrant en banc consideration.

Appellant responded to this denial with a petition to the Commissioner for reconsideration, filed January 15, arguing the *Flotill* case applicability and repeating the demand for an en banc hear-

---

2. Appellant's brief informs us that this request, directed to the board, "remains undecided, hence tolling the limit of appeal on the merits in that application." In other words, there has been no final decision on the merits and it should be borne in mind that there is no appeal on the merits pending before us.

3. This question relates to the sufficiency of specimens to show trademark use of the mark sought to be registered.

ing or rehearing as a matter of statutory right, a demand it had theretofore presented in connection with the second and third applications on January 2. Appellant further asserted that a board panel of only three was not "a regularly constituted Board" within section 20 or Rule 2.141 and that a "jurisdictional defect" was present where there had been a decision by such a panel. Its earlier *request* for an en banc rehearing was expressly converted into a *demand*.

January 23, 1968, the First Assistant Commissioner denied the January 15 request for reconsideration, adhering to his January 4 decision.

January 15, 1968, the First Assistant Commissioner denied the January 2 request made in the second and third application consolidated appeal for an *initial* en banc hearing by the board, saying:

Title 15, Section 1067 of the United States Code [section 17, Trademark Act], which recites the make-up of the Trademark Trial and Appeal Board, specifies that "Each case shall be heard by at least three members of the Board" and while that section relates specifically to inter partes cases, it is thought to be clear that it is also intended to apply to ex parte appeals.

The expression "at least three" is meaningless unless it means that a Board of three members may be designated by the Commissioner, and it is the settled practice to set ex parte appeals for hearing before such panels. Careful consideration of the present case in the light of the petition fails to disclose any sufficient reason for departing from that practice here and the petition is accordingly denied.

Appellant filed one notice of appeal from the above Commissioner's decisions of January 4 and 15, 1968, in respect of the three applications, and that is the appeal now before us. The reasons of appeal filed with the notice relate only to those Commissioner's decisions. Appellant's brief is explicit that the appeal relates to nothing else and states:

Accordingly, *the present appeal does not concern the merits of the decision of the Trademark Trial and Appeal Board* in any of the applications involved. The appeal relates solely to the matter of jurisdiction of less than a majority of the Trademark Trial and Appeal Board to hear and decide the appeals in the applications involved herein. [Emphasis ours.]

### Question Raised by the Motion

The Patent Office motion to dismiss this appeal raises, first of all, the question of whether we have jurisdiction, under section 21(a) (1) (15 U.S.C. § 1071),[4] to review the January 4 and 15, 1968 decisions of the Commissioner denying hearing and rehearing of ex parte appeals by the entire Trademark Trial and Appeal Board or at least a majority thereof. We shall now address ourselves to that question.

If we lack statutory jurisdiction to review the above-mentioned Commissioner's decisions, the sole subject of this appeal, we of course do not reach the question of statutory interpretation under which appellant makes its claim to an en banc or majority hearing by the board— at least not by that route.

### Opinion

Appellant's case for our jurisdiction to review the Commissioner's two decisions denying hearings by an en banc board or a majority thereof is simplistic

---

4. *Sec. 21 (15 U.S.C. § 1071). Appeal to court and review by civil action*
(a) (1) An applicant for registration of a mark, party to an interference proceeding, party to an opposition proceeding, party to an application to register as a lawful concurrent user, party to a cancellation proceeding, a registrant who has filed an affidavit as provided in section 8, or an applicant for renewal, who is dissatisfied with the decision of the Commissioner or Trademark Trial and Appeal Board, may appeal to the United States Court of Customs and Patent Appeals * * *.

and relies on its literal interpretation of section 21(a) (1), raising the question whether this is a correct interpretation, which the Patent Office says it is not. Appellant says the statute (note 4, supra) provides for review by this court of "any decision of the Commissioner of Patents in any trademark case with which the party (applicant for registration of a mark) is 'dissatisfied'. The statute gives the applicant for registration of a mark the right to appeal to this Court from any 'decision' of the Commissioner and the omission of any reference to this right from the Trademark Rules of Practice (Trademark Rule 2.145(a)) does not deprive the applicant of that right." Selecting the words of the statute relied on, they are

> An applicant for registration of a mark * * * who is dissatisfied with the decision of the Commissioner * * * may appeal to the United States Court of Customs and Patent Appeals * * *.

Appellant says it is such an applicant, that it is dissatisfied, and that what it is dissatisfied with is decisions of the Commissioner.

The Patent Office says "the decision" does not mean *any* decision the Commissioner makes in a trademark matter, reminding us of the classic distinction between appealable and petitionable matters, which is observed in both the patent and trademark examining operations of the Patent Office, and of the myriad of "decisions" on various interlocutory and administrative questions which must be made by the Commissioner in connection with trademark applications which are petitionable under Rule 2.146 and certainly not appealable to this court, Seamless Rubber Co. v. Ethicon, Inc., 268 F.2d 231, 46 CCPA 950 (1959), notwithstanding section 21. For that matter, not every "decision" of the *board* is appealable under section 21. It must be "a dispositive decision in which a right has been adjudicated." United States Treasury v. Synthetic Plastics Co., 341 F.2d 157, 52 CCPA 967 (1965). In that case we dismissed an appeal from the board's decision on appellant's motion to strike portions of an answer to an opposition and pointed out that it was not such a "decision" as is appealable.

Reviewing the history of intramural appeals in trademark cases from times prior to Public Law 85–609, enacted August 8, 1958, 72 Stat. 540, when the Trademark Trial and Appeal Board was created to take over certain review functions then handled by the Commissioner, the solicitor correctly points out that section 21 refers, not to *any* decision the Commissioner makes but to limited decisions, left with the Commissioner upon creation of the board, in two specific categories. These are: (1) holding insufficient an affidavit under section 8 (15 U.S.C. § 1058); and (2) holding incomplete or defective an application for renewal under section 9 (15 U.S.C. § 1059). Because these matters remained to be decided by the Commissioner, rather than the board, it was necessary for section 21 to refer both to decisions of the Commissioner and decisions of the board in providing for appellate review. We agree with the Patent Office that this was never intended to open up *any* Commissioner's decision to such review.

The solicitor also points to Rule 2.145, adopted in implementation and interpretation of section 21, which, like many other rules, expresses the Patent Office understanding of what the practice under statutory sections is intended to be. This rule makes it explicit that appeals to this court lie from decisions of the Commissioner only in the two categories of cases above mentioned, decisions of the Commissioner on section 8 affidavits and renewal applications under section 9. This rule has existed as long as section 21 and has been amended in accordance with amendment of section 21. The administrative practice thereunder has been uniform and is of long standing. It is entitled to great weight in construing the statute. Lindberg v. Brenner, Cust. & Pat.App., 399 F.2d 990 (1968).

Having given full consideration to the briefs of the parties and to other cases cited therein, which we think it unnecessary to discuss because we do not consider them controlling, we agree with the Patent Office that we do not have jurisdiction under section 21 of the Trademark Act to review the two decisions of the Commissioner which have been appealed. The motion to dismiss the appeal must therefore be *granted*.

Appellant's brief argues that we have *jurisdiction* to decide whether the three-member panels of the board had or have *jurisdiction* to hear the ex parte appeals—in the sense of being legally-constituted boards. While we might be able to reach that question, if properly raised, in an appeal to us from one or more *board* decisions *on the merits* of the applications, In re Wiechert, 370 F. 2d 927, 54 CCPA 957 (1967),[5] appellant has made it amply clear that this is not such an appeal; in fact, there is as yet no final board decision in any of the three applications, so far as we are advised.

Since we might reach the question of the legality of the three-member board panels, which appear to have been consistently used to hear and decide ex parte appeals for over a decade, in a later appeal, we express no opinion at this time on the merits of appellant's contentions thereon. Since the merits of the rejections in the three applications above mentioned have not been brought before us on this appeal, we also express no views thereon.

This appeal is dismissed.

Dismissed.

---

5. Appellant's appeal brief herein incorrectly construes the action of the majority in *Wiechert*. It ignores two of the three reasons why we refused to consider the legality of the Board of Appeals panel, viz., that the issue was not raised on appeal and though raised in the Patent Office it had been abandoned by failure to argue it. The third reason was analogous, in a patent case, to the basis of our decision herein, lack of jurisdiction to hear appeals from decisions of the Commissioner on petitions. We, the *Wiechert* majority, did not, as appellant says, hold that we cannot consider the question of the lawfulness of a Patent Office board because its composition is determined by the Commissioner.