# United States Court of Appeals for the Federal Circuit

2006-1171


GILBERT P. HYATT,

Plaintiff-Appellee,

v.

Jon W. Dudas, DIRECTOR, PATENT AND TRADEMARK OFFICE,

Defendant-Appellant.


J. Robert Chambers, Wood, Herron & Evans, L.L.P., of Cincinnati, Ohio, argued for plaintiff-appellee.  With him on the brief were Wilma A. Lewis and Michael I. Coe, Crowell & Moring LLP, of Washington, DC, and Gregory L. Roth, of La Palma, California.  Of counsel were Dennis R. Gallagher, Crowell & Moring LLP, of Irvine, California, and Richard G. Taranto, Farr & Taranto, of Washington, DC.

John M. Whealan, Solicitor, United States Patent and Trademark Office, of Arlington, Virginia, argued for defendant-appellant.  With him on the brief were Thomas W. Krause and William G. Jenks, Associate Solicitors.

Appealed from:  United States District Court for the District of Columbia

Judge Emmet G. Sullivan

# United States Court of Appeals for the Federal Circuit

2006-1171

GILBERT P. HYATT,

Plaintiff-Appellee,

v.

Jon W. Dudas, DIRECTOR, PATENT AND TRADEMARK OFFICE,

Defendant-Appellant.

_____

DECIDED: June 28, 2007

_____

Before MICHEL, Chief Judge, ARCHER, Senior Circuit Judge, and DYK, Circuit Judge.

MICHEL, Chief Judge.

The Patent and Trademark Office ("PTO") appeals an order of the United States District Court for the District of Columbia in a civil action filed by Gilbert P. Hyatt against Jon W. Dudas, Director of the PTO, under 35 U.S.C. § 145. See Hyatt v. Dudas, No. 1:03-cv-00108-EGS (D.D.C. Oct. 13, 2005). For the reasons set forth in this opinion, we reverse.

## I.    BACKGROUND

Hyatt has filed numerous patent applications and continuation applications since the 1970s. Five of these are at issue in this case, all continuation applications with lineages that can be traced back for decades. All five share the same specification, and

they generally claim devices comprising various configurations of electronic components.

At one stage of prosecution, Hyatt withdrew all of the proposed claims and substituted over 1,100 new claims based on the same specification. The PTO examiner initially rejected a number of these claims for failing the written description requirement of 35 U.S.C. § 112 because while each individual element was disclosed in that specification, nowhere did Hyatt specify the particular configurations or combinations of elements claimed. The examiner relied on and followed the PTO's Manual of Patent Examining Procedure ("MPEP") § 2163.04(I)(B) to set forth the basis for this initial rejection, i.e., the PTO's prima facie case. In his office action, the examiner chose representative claims for specific analysis and then concluded that the rest of the claims at issue suffered the same defect.[1] Hyatt was then directed to respond to the PTO's prima facie case.

Rather than respond to the merits of the rejection by explaining where in the specification the cited combinations of components could be found, Hyatt instead merely challenged the adequacy of the PTO's prima facie case. Unpersuaded, the examiner made final the rejection, and Hyatt appealed to the Board of Patent Appeals and Interferences ("Board"). The Board upheld the rejection, holding that a prima facie case had been established. Hyatt then filed a § 145 action in district court challenging the Board's decision. The district court held that the PTO's explanation of its prima

---

[1] Hyatt also challenges the propriety of the PTO's use of representative claims. Given that the district court did not make a ruling on this issue, we decline to address it.

facie case for lack of written description was inadequate, and remanded to the PTO for further prosecution. The PTO then timely filed this appeal.

## II. DISCUSSION

The basic question presented in this case is when and how the PTO may require additional information from an applicant when determining whether to reject an application based on lack of written description. In Star Fruits S.N.C. v. United States, 393 F.3d 1277, 1283 (Fed. Cir. 2005), we held that the PTO has the authority to "compel disclosure of information that the examiner deems pertinent to patentability." In order to invoke this authority and place the burden on the applicant, the PTO must first establish a prima facie case for the rejection. In re Oetiker, 977 F.2d 1443, 1445 (Fed. Cir. 1992).

The district court held that, in its rejection of the claims at issue for lack of written description, the PTO "used vague and unspecific language" and had "fallen somewhat short of its obligation to 'state clearly and specifically' its objections to patentability." Hyatt, No. 1:03-cv-00108-EGS, slip op. at 19. Thus while the district court's opinion did not explicitly hold that MPEP § 2163.04(I)(B) is unlawful, its decision must be understood to implicitly hold that compliance with that guideline is inadequate as a matter of law to establish a prima facie case and place the burden on the applicant to provide further information. The validity of this holding is the issue now before us.

### A. Jurisdiction

We first turn to the issue of jurisdiction. This Court has exclusive jurisdiction of appeals of § 145 actions under 28 U.S.C. § 1295(a)(4)(C). But it is settled law that a court generally does not have jurisdiction when no final judgment has been rendered,

and a remand for further agency proceedings is generally not a final judgment. E.g., Cabot Corp. v. United States, 788 F.2d 1539, 1542 (Fed. Cir. 1986) (holding that a remand to an agency for further findings and proceedings is not a "final judgment" that could form the basis for this Court's jurisdiction); see also Smith v. Nicholson, 451 F.3d 1344, 1347 (Fed. Cir. 2006) ("We have determined that a remand order . . . is not considered a final judgment and hence is usually not appealable.").

However, certain rare situations require an exception to the otherwise firm final judgment rule. In Sullivan v. Finkelstein, the Supreme Court held that a district court's remand order in a civil action contesting an agency's determination was "final" and immediately reviewable on appeal because it was a "judgment" that terminated the action, set aside the agency's determination, and would be effectively unappealable at a later stage. 496 U.S. 617, 625 (1990). While Sullivan addressed an action under 42 U.S.C. § 405(g), this Court has held that the Sullivan rule is more generally applicable. See Travelstead v. Derwinski, 978 F.2d 1244, 1248 (Fed. Cir. 1992).

We have applied the Sullivan rule judiciously, as the Supreme Court instructed, and specifically only in those situations where denying appellate review would likely result in the permanent loss of the agency's ability to appeal. For example, in Travelstead, we held that this Court had jurisdiction where a lower court interpreted a rule of law (a statute), and its remand to the agency compelled the agency to act contrary to its prior ruling, in effect "deciding that the Secretary could not follow his own regulations." 978 F.2d at 1248 (quoting Monongahela Valley Hosp., Inc. v. Sullivan, 945 F.2d 576, 586 (3d Cir. 1991)) (internal quotations omitted); see also Williams v. Principi, 275 F.3d 1361, 1364 (Fed. Cir. 2002) ("[W]e will depart from the strict rule of finality

2006-1171                                          4

when . . . there [is] a clear and final decision of a legal issue . . . and there must be a substantial risk that the decision would not survive a remand . . . ."); cf. Winn v. Brown, 110 F.3d 56 (Fed. Cir. 1997) (finding no jurisdiction when the opportunity to appeal would be preserved after the remand proceeding).

This case presents a similar situation. We understand the district court's order as requiring the PTO to offer something more than what § 2163.04(I)(B) requires to establish a prima facie case of lack of written description and shift the burden to the applicant. As such, should we deny review, the PTO will likely permanently lose its ability to appeal whether or not meeting the requirements of § 2163.04(I)(B) forms a proper and adequate basis for a prima facie case. Under the district court's order, as both parties agreed, the PTO here essentially must drop its rejection for lack of written description because the district court has ruled that the prima facie case it asserted, relying on § 2163.04(I)(B), is inadequate as a matter of law. Since by law the PTO cannot appeal its own decision to <u>not</u> reject claims for lack of written description, we conclude that this case falls under the principle of <u>Sullivan</u> and <u>Travelstead</u>, and as such, we may properly exercise jurisdiction to review the controlling question of law here—whether MPEP § 2163.04(I)(B), as interpreted and applied here, is a lawful standard for the PTO in establishing a prima facie case of lack of adequate written description and shifting the burden to the applicant to provide further information.[2]

---

[2]        Although the MPEP "does not have the force of law," <u>Molins PLC v. Textron, Inc.</u>, 48 F.3d 1172, 1180 n.10 (Fed. Cir. 1995), the MPEP "is made available to the public and . . . describe[s] procedures on which the public can rely," <u>Patlex Corp. v. Mossinghoff</u>, 758 F.2d 594, 606 (Fed. Cir. 1985). Thus the question of whether the PTO's practice, reflected in MPEP § 2163.04(I)(B), is lawful under the law of this Circuit is an important legal issue over which we may exercise jurisdiction under <u>Sullivan</u> and its progeny.

## B. MPEP § 2163.04(I)(B)

The provision of the Patent Act that contains the written description requirement is 35 U.S.C. § 112.[3] The contours of the written description requirement have been the subject of many opinions of this Court. But this case presents a different question in that we are asked to address not whether Hyatt's proposed claims are actually supported by an adequate written description in these applications, but rather whether the PTO must do more than what MPEP § 2163.04(I)(B) provides to establish a prima facie case of lack of written description in this and every other such case.

As we explained in In re Oetiker, the prima facie case is merely a procedural device that enables an appropriate shift of the burden of production. 977 F.2d at 1445. In the prosecution of a patent, the initial burden falls on the PTO to set forth the basis for any rejection, i.e., a prima facie case. Id. (citing In re Piasecki, 745 F.2d 1468, 1472 (Fed. Cir. 1984)). We recognize that it is important to require the PTO to adequately explain the shortcomings it perceives so that the applicant is properly notified and able to respond. Once the applicant is so notified, the burden shifts to the applicant to rebut the prima facie case with evidence and/or argument. Id.

A statement of a prima facie case need not be a full exposition on every conceivable deficiency of a claim. See In re Peterson, 315 F.3d 1325, 1330 (Fed. Cir. 2003) (holding that any overlap between a claimed range and one in the prior art is

---

[3]     35 U.S.C. § 112 provides, in relevant part:

The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor of carrying out his invention.

sufficient for a prima facie case of obviousness, even if insufficient to render it unpatentable). Rather, its purpose is simply to provide sufficient notice to the applicant to facilitate his effective submission of information. Since the applicant is "in the best position to cheaply provide" information about the purported invention, the PTO's authority to shift the burden to obtain this information is crucial to ensure that the PTO is not "mak[ing] patentability determinations on insufficient facts and information." Star Fruits, 393 F.3d at 1284.

In the context of the written description requirement, an adequate prima facie case must therefore sufficiently explain to the applicant what, in the examiner's view, is missing from the written description. The PTO expressed this requirement in MPEP § 2163.04(I)(B).[4] We hold that § 2163.04(I)(B) as written is a lawful formulation of the prima facie standard for a lack of written description rejection.

Adequate written description means that, in the specification, the applicant must "convey with reasonable clarity to those skilled in the art that, as of the filing date sought, he or she was in possession of the [claimed] invention." Vas-Cath, Inc. v. Mahurkar, 935 F.2d 1555, 1563-64 (Fed. Cir. 1991). When no such description can be

---

[4]  MPEP § 2163.04(I)(B) provides:

[The examiner must e]stablish a prima facie case by providing reasons why a person skilled in the art at the time the application was filed would not have recognized that the inventor was in possession of the invention as claimed in view of the disclosure of the application as filed. A general allegation of "unpredictability in the art" is not a sufficient reason to support a rejection for lack of adequate written description. A simple statement such as "Applicant has not pointed out where the new (or amended) claim is supported, nor does there appear to be a written description of the claim limitation '____' in the application as filed." may be sufficient where the claim is a new or amended claim, the support for the limitation is not apparent, and applicant has not pointed out where the limitation is supported.

found in the specification, the only thing the PTO can reasonably be expected to do is to point out its nonexistence. In re Alton, 76 F.3d 1168, 1175 (Fed. Cir. 1996) (holding that when the examiner alleges that the claimed embodiment is outside the scope of the specification, he "need only establish this fact to make out a prima facie case"). This is not to say that the PTO can reject a complex claim with numerous limitations by summarily declaring that no written description support exists. Rather, section 2163.04(I) expressly instructs the examiner to specify which claim limitation is lacking adequate support in the written description. MPEP § 2163.04(I)(A) (requiring the examiner to "[i]dentify the claim limitation at issue"); see also MPEP § 2163.04(I)(B) (recommending a rejection in the form "there [does not] appear to be a written description of the claim limitation '____' in the application as filed"). These provisions guiding the examiner thus comport with our Alton opinion.

Here, we hold the examiner's initial rejection complied with § 2163.04(I)(B), followed Alton, and accomplished the aims of the prima facie case. For example, in rejecting application claim 163, the examiner explained that the written description did not support the particular claimed combination of elements, even listing each and every element of the allegedly unsupported combination.[5] And the examiner was explicit that

---

[5]     The examiner stated:

For example, no where [sic] in the present specification is an embodiment specifically discussed having all of the elements of claim 163, namely, "a television receiver . . .", "an input memory . . .", "an input memory writing circuit . . .", "an input memory accessing circuit . . .", "a keyboard circuit . . .", "a disk memory . . .", "an operating system memory . . .", "an operating system memory accessing circuit . . .", "a computer memory . . .", "a computer memory accessing circuit . . .", "a stored program computer . . .", "a printer . . .", "a frame memory . . .", "a frame memory writing circuit . . .",

while each element may be <u>individually</u> described in the specification, the deficiency was the lack of adequate description of their <u>combination</u>—he stated, "While each element may individually be discussed neither the specification nor drawings clearly support the claimed embodiment <u>as a whole</u>."  <u>Id.</u> (emphasis added).  He further indicated what Hyatt needed to address his concern:  "[I]t is not enough that applicant show where each claimed element resides in the earliest filed application but [he] must also provide support for the <u>linkage of the claimed elements</u> creating the embodiment." <u>Id.</u> (emphasis added).

Hyatt was clearly notified of what exactly the examiner felt was missing by way of written description.  The burden was then properly shifted to Hyatt to cite to the examiner where adequate written description could be found, or to make an amendment to address the deficiency.  Hyatt cannot avoid addressing the PTO's concerns by instead challenging the PTO's view that the burden was properly shifted.  <u>See</u> <u>Star Fruits</u>, 393 F.3d at 1284 ("So long as the request from the examiner for information is not arbitrary or capricious, the applicant cannot impede the examiner's performance of his duty by refusing to comply with an information requirement which proceeds from the examiner's view of the scope of the law to be applied to the application at hand.").  Here, the examiner's position was not arbitrary or capricious.  Thus, it was incumbent

---

"a graphics processor . . .", "a display circuit . . ." and "a television display . . . ."

\* \* \*

[I]t is not enough that applicant show where each claimed element resides in the earliest filed application but must also provide support for the linkage of the claimed elements creating the embodiment.
    The elements of claim 163 constituting an embodiment are not specifically disclosed.  While each element may individually be discussed neither the specification nor drawings clearly support the claimed embodiment as a whole.

upon Hyatt to comply with his responsibilities as a patent applicant so that the PTO could discharge its duty and finally resolve the allowability of the claims of Hyatt's applications at issue. Because he refused to do so at the appropriate time, these claims were properly rejected.

## CONCLUSION

We hold that an examiner, by complying with MPEP § 2163.04(I)(B) and thus our decision in <u>Alton</u>, sets forth a sufficient prima facie basis for a rejection due to lack of written description. The decision of the district court that compliance with § 2163.04(I)(B) is insufficient to establish a prima facie case and shift the burden to the applicant must therefore be

## <u>REVERSED</u>.