In re Glenn E. RIGGS, John H. Kivela, Robert H. Shellman, Joseph F. Rocky, Jr., Stanley M. Bainor, Ralph K. Brechter, Douglas L. Clark, James R. Clark, Jon L. Clow, Amy Daley, Larry Hu, Louis F. Indelicato, William J. Lohan, Michael M. Naughton, Peter P. Nelson, Alan D. Shollenberger, M. Nadine Willet, Doug Johnston, Donald H. Mueller, Michael D. Michaud, Robert Phaneuf, and Joseph J. Bainor.

No. 2010–1320.

United States Court of Appeals, Federal Circuit.

April 12, 2011.

Robert M. Bauer, Knox, McLaughlin, Gornall & Sennett, Edward W. Goebel Jr., MacDonald Illig Jones & Britton, Erie, PA, Raymond T. Chen, Sydney O. Johnson Jr., Nathan K. Kelley, Patent & Trademark Office, Alexandria, VA, for Appellants.

Before RADER, Chief Judge, CLEVENGER, and LINN, Circuit Judges.

## ORDER

RADER, Chief Judge.

The Board of Patent Appeals and Interferences ("Board") returned an appeal to the Examiner, vacated an erroneous docketing notice, and declined to expunge documents from the record. Because the Board's orders resolved only procedural matters without addressing the merits of any rejection, this Court dismisses this appeal for lack of jurisdiction.

## Background

Appellants ("Riggs") applied for a utility patent entitled "Transport Logistics Systems and Methods" on July 27, 2001, and filed the continuation application at issue on December 7, 2004. After an initial round of prosecution, the Examiner issued a July 20, 2007, final office action rejecting the claims in Riggs' patent application under 35 U.S.C. §§ 101, 102, 103, and 112. By petition, Riggs challenged the finality of the office action and the Examiner's decision to take "official notice" of certain facts ("Petition I," filed October 22, 2007). On January 22, 2008, Riggs also appealed

the Examiner's final rejection to the Board and raised the same issues challenged in Petition I. Following a denial of Petition I, Riggs petitioned for reconsideration of Petition I with the Deputy Commissioner for Patent Examination Policy on December 23, 2008 ("Petition II"). Meanwhile, Riggs also filed a district court Administrative Procedures Act ("APA") action on November 26, 2008, challenging the issues presented in Petition I.

While Petition II and the APA action were pending, the appeal before the Board proceeded. After Riggs filed a reply brief with the United States Patent and Trademark Office ("PTO") on April 6, 2009, the Board returned the appeal to the Examiner for consideration of Petition II. On August 31, 2009, in a Supplemental Examiner's Answer, the Examiner withdrew all rejections, including the one based on "official notice," as requested in Petition II, and returned the appeal to the Board citing new grounds of rejection. The Board found the Supplemental Examiner's Answer's new grounds of rejection procedurally incorrect under Rule 41.43(a)(2) and MPEP § 1207.05. Accordingly, the Board issued an order ("Order I") on December 3, 2009, returning the appeal to the Examiner to correct the error. On December 29, 2009, before the Examiner corrected the error, the Board erroneously entered a docketing notice for the appeal. Upon discovery of the error, the Board vacated that notice with a March 8, 2010, order ("Order II") on the grounds that jurisdiction over the application remained with the Examiner. The Board's third and final order on March 9, 2010, ("Order III") denied Riggs' request to expunge the Supplemental Examiner's Answer because jurisdiction lay with the Examiner.

Although the PTO initially dismissed Petition II as moot in light of the Supplemental Examiner's Answer, on April 29, 2010, the Deputy Commissioner reconsidered and granted Petition II as a result of the three Board orders. The Deputy Commissioner's decision granting Petition II directed the Examiner to either withdraw the rejections based on taking "official notice" or enter the new grounds of rejection in a new non-final office action. In summary, the PTO granted Petition II, thereby providing the requested relief, while Appellants want the Board to proceed with the original appeal as if Petition II had not been granted. As a result, Appellants request that the Board review a rejection that the PTO has already withdrawn.

## Discussion

At the outset, this Court must consider its jurisdiction to review the Board's orders. Appellants argue that this Court possesses jurisdiction over "the Board's decision (or lack of decision) pursuant to 28 U.S.C. § 1295(a)(4) and 35 U.S.C. § 141." The relevant parts of § 1295(a)(4) and § 141 allow for an appeal from a "decision" of the Board. Appellants have the burden of establishing jurisdiction. *See Alder Terrace, Inc. v. United States,* 161 F.3d 1372, 1377 (Fed.Cir.1998). This Court reviews jurisdictional decisions without deference. *In re Gartside,* 203 F.3d 1305, 1315 (Fed.Cir.2000).

This Court has unambiguously interpreted the word "decision" in 28 U.S.C. § 1295(a)(4) to "mean[ ] a final dispositive ruling that ends litigation on the merits." *Copelands' Enters., Inc. v. CNV, Inc.,* 887 F.2d 1065, 1067–68 (Fed.Cir.1989) (en banc) (quoting *Champion Prods., Inc. v. Ohio State Univ.,* 614 F.2d 763, 765 (CCPA 1980)). When applying § 1294(a)(4), this Court stated "it is settled law that a court generally does not have jurisdiction when no final judgment has been rendered, and a remand for further agency proceedings is generally not a final

judgment." *Hyatt v. Dudas*, 492 F.3d 1365, 1368 (Fed.Cir.2007). Similarly, 35 U.S.C. § 141 requires that the Board, in a statutory capacity, dispose of the appeal through adjudication of a legal right. *In re James*, 57 C.C.P.A. 1371, 432 F.2d 473, 475 (CCPA 1970). Thus, this Court only reviews Board decisions that have addressed, at least indirectly, the merits of an Examiner's rejection. *In re Haas*, 486 F.2d 1053, 1055 (CCPA 1973) ("[I]n order to confer subject matter jurisdiction upon us, the board must have reviewed an adverse decision of the Examiner relating at least indirectly to a rejection of the claims."). Furthermore, Board actions relating to procedural matters applying PTO rules "are outside the scope of our authority to review." *In re James*, 432 F.2d at 476.

In this case, none of the Board's orders adjudicated the merits of the rejections in Riggs' application. Instead, the orders only related to the implementation of procedural matters under PTO rules. Such procedural matters are generally entitled to "controlling weight" unless they are plainly erroneous or inconsistent with the regulation. *Hyatt v. Dudas*, 551 F.3d 1307, 1311 (Fed.Cir.2008) (citing *Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 410, 414, 65 S.Ct. 1215, 89 L.Ed. 1700(1945)).

The Board's Order I returned the undocketed appeal to the Examiner in accordance with 37 C.F.R. § 41.35(b) because the rule authorizes the Board to "relinquish jurisdiction to the examiner" for completion of the record or to comply with the rules. The Board's action in this case permitted the Examiner to correct the introduction of a new ground of rejection in the Supplemental Examiner's Answer in violation of 37 C.F.R. § 41.43(a)(2), which states that a "supplemental examiner's answer responding to a reply brief may not include a new ground of rejection." Thus,

the Board's action in Order I did not reach the merits of a rejection, was a matter of procedure to properly prepare the appeal for the Board, and is insufficient to support jurisdiction in this appeal.

The next Board action, Order II, vacated an improper docketing notice. Before issuance of the docketing notice, the Board returned the appeal to the Examiner with Order I. On December 7, 2009, the Examiner resubmitted the appeal to the Board without correcting the errors identified in Order I. Nevertheless, a docketing notice issued on December 29, 2009. The Board recognized that the record remained noncompliant with the rules and vacated the docketing notice because the case was forwarded to the Board in error. As with Order I, the Board's action in Order II did not reach the merits and did not confer jurisdiction for this appeal.

The final Board action, Order III, dismissed Riggs' request to expunge the Supplemental Examiner's Answer due to lack of jurisdiction over the application. Appellants argue that the Board possessed jurisdiction when the Supplemental Examiner's Answer was filed and that the language of 37 C.F.R. § 41.7, stating "[t]he Board *may* expunge any paper ... filed while an application or patent is under the jurisdiction of the Board," authorized the requested action. 37 C.F.R. § 41.7 (emphasis added). However, this section of the Rules, entitled "Management of the record," does not require the Board to act and specifically makes the action optional by using the word "may." *Id.* As stated in the Board's order, it declined to expunge the record because the application was now properly before the Examiner. Again, even if the Board had jurisdiction over the application, Order III was within a reasonable interpretation of the Rule and related only to procedural matters.

None of the cases cited by Riggs stand for the proposition that the procedural orders in this case sufficiently affected the ultimate patentability of a claim to support jurisdiction. *In re Haas* concerned an examiner's withdrawal of claims from consideration combined with the Board's finding of no jurisdiction over the withdrawn claims. 486 F.2d 1053, 1055 (CCPA 1973). In that case, those actions effectively denied patentability and constituted actions sufficiently similar to a rejection of a claim to confer jurisdiction. *Id.* In contrast, the present claims remain under examination before the Examiner, and the Board has not made any decision foreclosing the patentability of the claims.

*In re Szajna* is distinguishable because the Board in that case properly considered the merits of the examiner's rejections, while none of Riggs' claims are properly before the Board. 57 C.C.P.A. 899, 422 F.2d 443, 446–47 (CCPA 1970). And *In re Voss* actually agreed with the Board's decision to decline jurisdiction and allow an examiner to reopen prosecution because it "constituted neither the rejection of a claim nor a decision adverse to the ultimate patentability of a claim." 557 F.2d 812, 816 (CCPA 1977). Accordingly, this Court does not have jurisdiction over the procedural matters in this case.

Accordingly,

IT IS ORDERED THAT:

The appeal is dismissed.