# United States Court of Appeals for the Federal Circuit

---

**IN RE: DAVID FOUGHT, MARTIN CLANTON,**
*Appellants*

---

2019-1127

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 13/507,528.

---

Decided: November 4, 2019

---

RYAN MATTHEW FOUNTAIN, Mishawaka, IN, argued for appellants.

WILLIAM LAMARCA, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, argued for appellee Andrei Iancu. Also represented by THOMAS L. CASAGRANDE, THOMAS W. KRAUSE, JOSEPH MATAL, COKE MORGAN STEWART.

---

Before NEWMAN, MOORE, and CHEN, *Circuit Judges*.

MOORE, *Circuit Judge*.

David Fought and Martin Clanton (collectively, Appellants) are the named inventors on U.S. Patent Application No. 13/507,528, filed on July 5, 2012. The examiner rejected claims 1 and 2 under 35 U.S.C. § 102(b), and the

Patent Trial and Appeal Board affirmed. *Ex Parte Fought & Clanton*, No. 2017-000315, 2018 WL 4458741 (P.T.A.B. Aug. 28, 2018) (Board Decision). Because we hold the Board erred in concluding "travel trailer" does not limit the scope of the claims, we reverse and remand for further proceedings consistent with this opinion.

## BACKGROUND

The '528 application relates to the construction of travel trailers. The specification describes a preferred embodiment of the trailer having two compartments, a living quarters and a garage portion, separated by a wall assembly. The application includes two claims:

> 1. A travel trailer having a first and second compartment therein separated by a wall assembly which is movable so as to alter the relative dimensions of the first and second compartments without altering the exterior appearance of the travel trailer.
>
> 2. A travel trailer having a front wall, rear wall, and two side walls with a first and a second compartment therein, those compartments being separated by a wall assembly, the wall assembly having a forward wall and at least one side member,
>
> the side member being located adjacent to and movable in parallel with respect to a side wall of the trailer, and
>
> the wall assembly being moved along the longitudinal length of the trailer by drive means positioned between the side member and the side wall.

J.A. 17.

The examiner rejected both claims under pre-AIA 35 U.S.C. § 102(b). The examiner rejected claim 1 as anticipated by U.S. Patent No. 4,049,311 (Dietrich), which describes a conventional truck trailer such as a refrigerated

trailer, and claim 2 as anticipated by U.S. Patent No. 2,752,864 (McDougal), which describes a bulkhead for shipping compartments. Appellants responded to the rejections by arguing that a "travel trailer" is "a type of recreational vehicle." Appellants relied on U.S. Patent Application Publication No. 2010/0096873 (Miller) as extrinsic evidence regarding the meaning of "travel trailer" and "recreational vehicle."[1] The examiner maintained his rejections. Appellants appealed to the Board and cited *Woodall's RV Buyer's Guide* (*Woodall's*) as additional evidence to support their position. Appellants also argued to the Board that the examiner erred by rejecting the claims under § 102 without addressing the level of ordinary skill in the art. The Board affirmed the examiner's rejection, concluding the preamble term "travel trailer" is a mere statement of intended use that does not limit the claim. It did not address Appellants' argument that the examiner was required to specify the level of ordinary skill in the art. Appellants appeal. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

DISCUSSION

We review the Board's legal conclusions de novo and its factual findings for substantial evidence. *In re Gartside*, 203 F.3d 1305, 1313–15 (Fed. Cir. 2000).

I

"We review the Board's ultimate claim construction de novo and its underlying factual determinations involving extrinsic evidence for substantial evidence." *In re Man Mach. Interface Techs. LLC*, 822 F.3d 1282, 1285 (Fed. Cir. 2016). Claims in pending applications receive

---

[1] Appellants described Miller as also "deal[ing] with movable walls within travel trailers" such that it "should serve as a useful reference for the context of the present invention." J.A. 29.

their broadest reasonable interpretation during examination. *In re Am. Acad. of Sci. Tech Ctr.*, 367 F.3d 1359, 1364 (Fed. Cir. 2004). We treat the effect of preamble language as a claim construction issue. *Arctic Cat Inc. v. GEP Power Prod., Inc.*, 919 F.3d 1320, 1327 (Fed. Cir. 2019). "Preamble language that merely states the purpose or intended use of an invention is generally not treated as limiting the scope of the claim." *Bicon, Inc. v. Straumann Co.*, 441 F.3d 945, 952 (Fed. Cir. 2006). However, "the preamble constitutes a limitation when the claim(s) depend on it for antecedent basis." *C.W. Zumbiel Co., Inc. v. Kappos*, 702 F.3d 1371, 1385 (Fed. Cir. 2012) (citing *Catalina Mktg. Int'l, Inc. v. Coolsavings.com, Inc.*, 289 F.3d 801, 808 (Fed. Cir. 2002)).

The parties dispute whether the preamble phrase "travel trailer" limits the claims. Appellants begin by arguing that the claims have no preamble at all. They argue that "[a] travel trailer having . . ." is not a preamble and does not use a transition word. Appellants' Br. 23. We do not agree. Though this claim does not use the typical claim language (comprising) which denotes the transition between the preamble and the body, the word "having" performs the same role here.

Appellants next argue that even if "travel trailer" is part of the preamble, it is limiting because limitations in the body of the claims rely on "travel trailer" for antecedent basis and for structural limitations. Appellants' Br. 23–24. The government argues that "travel trailer" does not structurally limit the claims and the extrinsic evidence fails to add specific structure. Appellee's Br. 13–15. The Board concluded that "travel trailer" is a non-limiting statement of intended use. Board Decision at *3–4. We do not agree.

In the body of claim 1, the limitation reciting "the travel trailer" relies on the preamble's recitation of "[a] travel trailer" for its antecedent basis. We have repeatedly held a preamble limiting when it serves as antecedent

basis for a term appearing in the body of a claim. *See, e.g.*, *C.W. Zumbiel Co.*, 702 F.3d at 1385; *Bell Commc'ns Research, Inc. v. Vitalink Commc'ns Corp.*, 55 F.3d 615, 620–21 (Fed. Cir. 1995); *Electro Sci. Indus., Inc. v. Dynamic Details, Inc.*, 307 F.3d 1343, 1348 (Fed. Cir. 2002); *Pacing Techs., LLC v. Garmin Int'l, Inc.*, 778 F.3d 1021, 1024 (Fed. Cir. 2015).

To the extent that the Board determined that "travel trailer" is simply a statement of intended use and not a structural limitation, we do not agree. Appellants relied on two pieces of extrinsic evidence, Miller and *Woodall's*, to support their assertion that "travel trailer" is a specific type of recreational vehicle that includes a living quarters.

The Board quoted relevant portions of the two references:

> "Recreational vehicles" or "RVs," as referred to herein, can be motorized or towed, but in general have a living area which provides shelter from the weather as well as personal conveniences for the user, such as bathroom(s), bedroom(s), kitchen, dining room, and/or family room. Each of these rooms typically forms a separate compartment within the vehicle . . . . A towed recreational vehicle is generally referred to as a "travel trailer."

Board Decision at *3 (quoting J.A. 53 (Miller)).

> Probably the single most-popular class of towable RV is the Travel Trailer. Spanning 13 to 35 feet long, travel trailers are designed to be towed by cars, vans, and pickup trucks with only the addition of a frame or bumper mounted hitch. Single axles are common, but dual and even triple axles may be found on larger units to carry the load.

*Id.* at *4 (quoting J.A. 59 (*Woodall's*)).

We conclude that the Board's fact findings regarding these references are not supported by substantial evidence. The Board found that the Miller and *Woodall's* distinction of travel trailers from other recreational vehicles in terms of towability is simply a statement of intended use. Board Decision at *3–4. Second, the Board found that Miller's explanation that recreational vehicles and travel trailers have living space rather than cargo space is a statement of intended use. *Id.* at *4. These fact findings are not supported by substantial evidence. Towability is a structural difference, not an intended use. A living area is likewise a structural requirement.

Based on the extrinsic evidence, we conclude that a "travel trailer" is a specific type of recreational vehicle and that this term is a structural limitation of the claims. There is no dispute that if "travel trailer" is a limitation, Dietrich and McDougal, which disclose cargo trailers and shipping compartments, do not anticipate. Just as one would not confuse a house with a warehouse, no one would confuse a travel trailer with a truck trailer. We therefore reverse and remand for further proceedings consistent with this opinion.

II

Appellants argue that the Board also erred because it failed to explicitly state the level of ordinary skill in the art. Appellants' Br. 16–21. We do not agree. It is fundamental that claims are interpreted "in light of the specification as it would be interpreted by one of ordinary skill in the art." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1316 (Fed. Cir. 2005). Unless the patentee places the level of ordinary skill in the art in dispute and explains with particularity how the dispute would alter the outcome, neither the Board nor the examiner need articulate the level of ordinary skill in the art. We assume a proper determination of the level of ordinary skill in the art as required by *Phillips*. Here, Appellants do not argue with any specificity that the level of

ordinary skill in the art would change the result. Instead, they raise a generalized challenge to the Board's decision because it did not specifically articulate the level of ordinary skill in the art. We find this challenge to be without merit.

## CONCLUSION

For the foregoing reasons, we reverse and remand.

**REVERSED AND REMANDED**

## COSTS

No costs.