NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE: TONIA WALSTAD MILLER,**
*Appellant*

---

2021-1599

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 13/218,874.

---

Decided: February 28, 2022

---

MICHAEL ERIC ATTAYA, Cesari and McKenna, LLP, Boston, MA, argued for appellant. Also represented by DUANE H. DREGER.

MARY L. KELLY, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, argued for appellee Andrew Hirshfeld. Also represented by THOMAS W. KRAUSE, MONICA BARNES LATEEF, FARHEENA YASMEEN RASHEED.

---

Before MOORE, *Chief Judge*, DYK and CUNNINGHAM, *Circuit Judges*.

CUNNINGHAM, *Circuit Judge*.

Tonia W. Miller appeals from the final decision of the Patent Trial and Appeal Board ("Board") affirming the rejection of claims 1 and 24–26 of U.S. Patent Application No. 13/218,874 ("the '874 Patent Application") for obviousness.

At issue in this case is whether the Board erred in finding the term "emergency" to be an intended use rather than a structural limitation of the claimed "water store," and whether the Board made a sufficient administrative record as to why Ms. Miller's new evidence was insufficient to overcome the determination of obviousness. We hold that the Board did not err and did create a sufficient administrative record. Accordingly, we *affirm*.

## I. BACKGROUND

### A. The '874 Patent Application

The '874 Patent Application is entitled "Furniture Having Load-Bearing or Non-Load Bearing Structures for Storage of Water or Other Material." It relates to furniture incorporating water storage structures which provide an emergency water supply that is inconspicuous and aesthetically acceptable. J.A. 2, 74–75. The specification describes the importance of "preparation for possible emergency situations such as natural disasters . . . [by] keep[ing] a supply of potable water stored in a readily accessible location." J.A. 74.

The '874 Patent Application discloses a variety of embodiments of the invention, including tables and chairs. J.A. 93–118. Figure 10 shows one such embodiment:



FIG. 10

J.A. 112.

Claim 1, the only independent claim at issue in this appeal, is directed to the embodiment of Figure 10. It recites:

> A table having integrated storage capacity comprising:
>
> a removable tabletop which is supported by a load-bearing frame;
>
> said load-bearing frame defining a volume in which an *emergency water store* is disposed, said volume entirely overlayed by said tabletop, said *emergency water store* including a plurality of reusable storage containers substantially identical in size and shape, each of which includes a spout; and
>
> one or more load-bearing structures for supporting said tabletop, load-bearing frame and emergency water store above a floor surface.

J.A. 2, 597 (with limitation at issue in this appeal emphasized).

## B. The Prosecution History

The '874 Patent Application was filed on August 26, 2011. J.A. 68–82, 85. The Examiner rejected claims 1 and 24–26 for obviousness over U.S. Patent No. 5,060,580 ("Shaw") and another prior art reference, Bylo, which is not at issue in the present appeal. J.A. 396–98. The Board reversed but did not reach the issue of the proper interpretation of the limitation "emergency water store." J.A. 441–45. Subsequently, the Examiner reopened prosecution with a non-final office action rejecting claims 1 and 24–26 for obviousness based on Shaw in view of U.S. Patent Pub. No. 2003/0173328 A1 ("Herckner"). J.A. 472–76.

Shaw is directed to a storage table that protects food and picnic supplies from insects and pests when dining, while also providing easy access to the food stuffs and a surface for eating. J.A. 13, 17–18 at col. 4, l. 54–col. 5, l. 11. Shaw's table includes an internal storage area that may be used to store "any articles, such as picnic supplies, food stuffs and ice." J.A. 17 at col. 3, ll. 8–9.

Herckner is directed to a "liquid storage bottle . . . with a generally cylindrical liquid storage chamber and an integral handle" that facilitates cleaning. J.A. 19, 32–33. Herckner's bottles are of various sizes and shapes, with the exemplary embodiment of the invention described with reference to a generally cylindrical five-gallon water bottle. J.A. 31 ¶ 24.

Ms. Miller petitioned for review of the decision to reopen prosecution, along with withdrawal of the office action reopening prosecution and either issuance of a Notice of Allowance or assignment of a different examiner to the '874 Patent Application. J.A. 479–90. Her petition was denied. J.A. 491–97. Ms. Miller then submitted new evidence that she argued was "evidence of knowledge in the art of

emergency preparedness of a *structure* that is referred to as an 'emergency water store,'" Appellant's Reply Br. 4, including (1) a photograph of a WWII military building designated as an "emergency water store," (2) dictionary definitions for "food" and "foodstuff," and (3) two U.S. patents that use the term "water store" to refer to an ambulatory transport system and a supply carrier system, respectively. J.A. 508–85; Appellant's Br. 18. Nonetheless, the Examiner maintained the rejection. J.A. 607–13. Ms. Miller then appealed to the Board for a second time. J.A. 671–756. The Board determined that the term "emergency" merely recites how the water store is used and concluded that "emergency water store" encompasses Shaw's internal storage area. J.A. 4–5. The Board affirmed the rejection over Ms. Miller's arguments regarding the proper interpretation of the limitation "emergency water store." J.A. 1–5.

Ms. Miller timely appeals to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(4)(A).

## II. DISCUSSION

We review de novo the Board's ultimate claim constructions. *In re NTP, Inc.*, 654 F.3d 1268, 1273 (Fed. Cir. 2011). "We review the Board's ultimate determination of obviousness de novo and its underlying factual determinations for substantial evidence." *PersonalWeb Techs., LLC v. Apple, Inc.*, 917 F.3d 1376, 1381 (Fed. Cir. 2019) (internal quotation marks omitted). Substantial evidence is "less than the weight of the evidence but more than a mere scintilla of evidence." *In re Mouttet*, 686 F.3d 1322, 1331 (Fed. Cir. 2012) (citation omitted).

Under 35 U.S.C. § 103, a patent may not be obtained if the differences between the subject matter sought to be patented and the prior art make the subject matter as a whole

obvious to a person with ordinary skill in the art.[1]  An invention is likely obvious when it merely combines familiar elements according to known methods to yield nothing more than predictable results.  *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 415–16 (2007).  Additionally, while the Board must provide an explanation for its decisions, "'[t]he amount of explanation needed to meet the governing legal standards—to enable judicial review and to avoid judicial displacement of agency authority—necessarily depends on context.'  Indeed, '[a] brief explanation may do all that is needed if, for example, the technology is simple and familiar and the prior art is clear in its language and easily understood.'" *Paice LLC v. Ford Motor Co.*, 881 F.3d 894, 905 (Fed. Cir. 2018) (quoting *Pers. Web Techs., LLC v. Apple, Inc.*, 848 F.3d 987, 993 (Fed. Cir. 2017)); *see also In re Warsaw Orthopedic, Inc.*, 832 F.3d 1327, 1335 (Fed. Cir. 2016) (requiring that the Board "make the necessary findings and . . . provide an administrative record showing the evidence on which the findings are based, accompanied by the agency's reasoning in reaching its conclusions") (quoting *In re Lee*, 227 F.3d 1338, 1342 (Fed. Cir. 2002) (italicization omitted)).

On appeal, Ms. Miller argues that the Board misconstrued the term "emergency" of the claimed "water store" and failed to create a sufficient administrative record in rejecting Ms. Miller's new evidence.  We address each issue in turn.

---

[1]    Because Ms. Miller's application never contained a claim having an effective filing date on or after March 16, 2013, or a reference under 35 U.S.C. §§ 120, 121, or 365(c) to any patent or patent application that ever contained such a claim, we consider the claimed invention under pre-AIA § 103.  Pub. L. No. 112–29, § 3(n)(1), 125 Stat. 284, 293 (2011).

A.  Construction of "Emergency Water Source"

Ms. Miller asserts that the Board erred when it adopted the Examiner's construction of "emergency" as an intended use. She argues that the Board's construction is inconsistent with the specification and an unreasonably broad claim interpretation. Appellant's Br. 9. We disagree. The term "emergency" is an intended use and not a structural limitation of the claimed "water store."

For this application, the claims are given their broadest reasonable interpretation during patent examination. *See, e.g.*, *Personalized Media Commc'ns, LLC v. Apple Inc.*, 952 F.3d 1336, 1340 (Fed. Cir. 2020); *In re Bigio*, 381 F.3d 1320, 1324 (Fed. Cir. 2004) ("[T]he PTO gives a disputed claim term its broadest reasonable interpretation during patent prosecution."). The broadest reasonable interpretation must be consistent with the plain meaning of the words of the claim, unless such meaning would be inconsistent with the specification and prosecution history. *See, e.g.*, *Trivascular, Inc. v. Samuels*, 812 F.3d 1056, 1062 (Fed. Cir. 2016).

The Board correctly construed "emergency" to convey an intended use rather than a structural limitation. No arguments have been made to suggest what possible structural characteristics would differentiate an emergency water store and a non-emergency water store. *See, e.g.*, *In re Fought*, 941 F.3d 1175, 1178–79 (Fed. Cir. 2019) (holding that the term "travel trailer" was a structural limitation of the claims rather than a statement of intended use because it described the towability and living area arrangement of a type of recreational vehicle). Indeed, Ms. Miller's counsel conceded in oral argument that "emergency" confers no structural characteristic at all. Oral Arg. at 7:35–8:01, *available at* https://oralarguments.cafc.uscourts.gov/default.aspx?fl=21-1599_11012021.mp3 (Q: "Does the application concede that there is no structural difference between an emergency water store and a water store?" . . .

A: "The notion of the emergency water store is [] not described as a unique structural aspect."); *see also* J.A. 843 ¶ 55 ("[W]ater or other liquid stored in storage container 1212 is generally accessible for use at any time and need not be considered merely an emergency supply."). Regardless of the importance of storing potable water in case of an emergency, nothing in the specification compels a contrary result. *See generally* J.A. 73–82. Accordingly, we agree with the Board's construction of "emergency" as a statement of intended use which does not limit the structure.

Having upheld the Board's construction of "emergency water store," we affirm the Board's determination of obviousness over Shaw in view of Herckner. "It is well settled that the recitation of a new intended use for an old product does not make a claim to that old product patentable." *In re Schreiber*, 128 F.3d 1473, 1477 (Fed. Cir. 1997). And the combination of Shaw and Herckner teach the structure of claim 1. On appeal, Ms. Miller does not challenge that Shaw teaches every limitation of claim 1 of the '874 Patent Application except an emergency water store comprising a plurality of identical storage containers each with a spout. Appellant's Br. 12–13; Appellee's Br. 13. And she does not challenge that Herckner discloses water bottles having substantially identical size and shape and a spout. Appellant's Br. 12–13; Appellee's Br. 13. We find no error in the Board's obviousness determination regarding claim 1 of the '874 Patent Application.[2]

---

[2] The Board did not rely on impermissible hindsight in finding so. Ms. Miller argues that Herckner's water bottles can only be equated to the claimed "emergency water store" through hindsight and that neither Shaw nor Herckner use the precise term "emergency water store." Appellant's Br. 13; Appellant's Reply Br. 5–6. We are not persuaded. Not only is "emergency" not a structural limitation that must be found in the prior art, but prior art

We are also unpersuaded by Ms. Miller's assertion of "divergent claim mapping" between the Examiner's Answer and the second Board decision. Ms. Miller contends that the Examiner and the Board inconsistently mapped Shaw's "internal storage area" to the claim language "said load-bearing frame defining a volume in which an emergency water store is disposed." Appellant's Br. 14–15; Appellant's Reply Br. 8. Ms. Miller also argues that Shaw's divergently mapped "internal storage area" cannot be both a "volume in which an emergency water store is disposed" and an "emergency water store." Appellant's Reply Br. 9. Ms. Miller is correct that all claim limitations must be taught or suggested by the prior art to establish

---

references need not parrot precisely the same words as in the claim to support an obviousness determination. *See, e.g.*, *Beckson Marine, Inc. v. NFM, Inc.*, 292 F.3d 718, 727 (Fed. Cir. 2002) ("[O]bviousness does not require the prior art to reach expressly each limitation exactly. Rather, obviousness may render a claimed invention invalid where the record contains a suggestion or motivation to modify the prior art teaching to obtain the claimed invention."); *see also Microsoft Corp. v. Biscotti, Inc.*, 878 F.3d 1052, 1070 (Fed. Cir. 2017) (determining that the Board applied the correct legal standard in not requiring "word-for-word similarity or perfection" and instead considering "whether a POSA would 'at once envisage' the combination of the claimed invention"). Moreover, Ms. Miller first raised her hindsight argument in a single footnote in her opening brief. Appellant's Br. 13 n.6. But "arguments raised in footnotes are not preserved." *SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1320 (Fed. Cir. 2006); *see also Fuji Photo Film Co. v. Jazz Photo Corp.*, 394 F.3d 1368, 1375 n.4 (Fed. Cir. 2005) (finding that an argument raised in a footnote in an opening cross-appeal brief and then developed more fully in the reply brief was not properly raised).

obviousness of a claimed invention.  *See, e.g.*, *In re Royka*, 490 F.2d 981, 984 (C.C.P.A. 1974) ("It is elementary that to support an anticipation rejection, all elements of the claim must be found in the reference."); *In re Gulack*, 703 F.2d 1381, 1385 n.8 (Fed. Cir. 1983) (extending *Royka* to determining obviousness).  But we need not parse the claim language into multiple physical structures and manufacture divergence between the Examiner's Answer and the second Board decision.  The "volume in which an emergency water store is disposed" merely modifies the "load-bearing frame" element but does not identify additional structure or separate functions.  J.A. 2, 597; *cf. Becton, Dickinson & Co. v. Tyco Healthcare Grp., LP*, 616 F.3d 1249, 1254–55 (Fed. Cir. 2010) (determining that "spring means" is a separate element from "hinged arm" because neither element can function as the other); *Gaus v. Conair Corp.*, 363 F.3d 1284, 1288 (Fed. Cir. 2004) ("Nothing in the descriptions of those two components suggests that their structures or functions overlap.  To the contrary, the specification plainly describes the two components as separate.").  We further conclude that all the limitations were mapped, and the Board's determination does not violate the all-limitations rule.

And while the Board's wording may have been imprecise, "we do not require perfect explanations."  *In re Nuvasive, Inc.*, 842 F.3d 1376, 1382 (Fed. Cir. 2016); *see also Bennett Regul. Guards, Inc. v. Atlanta Gas Light Co.*, 825 F. App'x 773, 780–82 (Fed. Cir. 2020).  We may affirm the Board's findings "if we may reasonably discern that it followed a proper path, even if that path is less than perfectly clear."  *In re Nuvasive*, 842 F.3d at 1382.  Here, the Board "adopt[ed] the Examiner's findings and conclusions," J.A. 3, to properly map each limitation of the claimed invention to Shaw and Herckner.  Accordingly, we affirm the Board's determination of obviousness.

## B.  The Administrative Record

Next, Ms. Miller asserts that the "PTO failed to make a record explaining why new evidence and arguments were insufficient to overcome a non-final obviousness rejection." Appellant's Br. 16.  The Examiner must articulate adequate support for its rejection.  *In re Alton*, 76 F.3d 1168, 1175 (Fed. Cir. 1996).  Ms. Miller contends that, here, the Board likewise failed to address the new evidence.  Appellant's Br. 17–18.  After the Examiner first rejected claims 1 and 24–26 for obviousness, Ms. Miller submitted new evidence in the form of a photograph, dictionary definitions, and patents.  Appellant's Br. 18.  The Board maintained the finding of obviousness on the grounds of the original disclosure.  J.A. 2–5.  Accordingly, Ms. Miller argues that the Board's decision lacked a full and reasoned explanation of its decision and fails the *Alton* standard.  Appellant's Br. 19.  We disagree.

While the Board's explanation may have been concise, it was sufficient to reject Ms. Miller's new evidence—evidence that was clearly irrelevant to the basis of the Board's obviousness rejection.  The Board is held to the same standard as district courts to provide opinions containing "sufficient findings and reasoning to permit meaningful appellate scrutiny." *Gechter v. Davidson*, 116 F.3d 1454, 1458 (Fed. Cir. 1997).  But even a short explanation may constitute a sufficient administrative record when the evidence is clearly unpersuasive.  *See, e.g., Paice*, 881 F.3d at 905 (determining that the Board's obviousness analysis was sufficient when it was "commensurate" with the patentee's arguments and "flow[ed] directly from its rejection" of those arguments); *Hyatt v. Dudas*, 492 F.3d 1365, 1370 (Fed. Cir. 2007) (determining that the Examiner provided sufficient reasons in rejecting claims for lack of a written description because "[w]hen no such description can be found in the specification, the only thing the PTO can reasonably be expected to do is to point out its nonexistence" (citing *In re Alton*, 76 F.3d at 1175)); *In re Morant*,

26 F. App'x 929, 935 (Fed. Cir. 2001) (determining that the Board's "somewhat terse" discussion sufficiently considered and rejected the evidence when it "found the [evidence] unpersuasive because [it] failed to discuss either the language of the pending claims or the specific references over which the claims were rejected").

In its decision here, the Board reasons through its rejection of Ms. Miller's arguments regarding "emergency water store," including the new evidence. J.A. 3–4. The photographic, dictionary, and patent evidence submitted by Ms. Miller all purport to demonstrate the difference between emergency water store and food stuffs. J.A. 508–85; Appellant's Br. 18. But that argument was not a basis for the Board's obviousness rejection. As the Board explained, the Examiner cited Shaw's "internal storage area"—not Shaw's "food stuff, picnic supplies and ice"—for teaching the claimed emergency water store. J.A. 3. Accordingly, it is irrelevant whether Ms. Miller's new evidence demonstrates any gaps between the claimed "emergency water store" and various food stuffs and picnic supplies. Unlike in *Alton*, where the Board failed to address new evidence which "contained statements of fact directly addressing" the grounds of the rejection and the Examiner "provided only conclusory statements," *In re Alton*, 76 F.3d at 1175–76, the Board here accounted for Ms. Miller's new evidence and provided sufficient explanation for its decision.

Moreover, the Board incorporated by reference the Examiner's factual findings, which further elucidate its reasoning behind the rejection. Agencies may adopt and incorporate findings by a factfinding body. *In re Cree, Inc.*, 818 F.3d 694, 698 n.2 (Fed. Cir. 2016). Likewise, the Board may adopt the findings of the Examiner. *See, e.g., In re Brana*, 51 F.3d 1560, 1564 n.13 (Fed. Cir. 1995) ("The Board's decision did not expressly make any independent factual determinations or legal conclusions. Rather, the Board stated that it 'agree[d] with the examiner's well reasoned, well stated and fully supported by citation of

relevant precedent position in every particular, and any further comment which we might add would be redundant.' Therefore, reference in this opinion to Board findings are actually arguments made by the examiner which have been expressly adopted by the Board.") (internal citations omitted).

Here, the Board expressly adopted the Examiner's findings and conclusions consistent with its analysis, including the Examiner's explanation rejecting Ms. Miller's challenge to Shaw's containers housing food stuffs and picnic supplies. J.A. 2–3. The Examiner's Answer explains:

> In response to Appellant's arguments against the references individually, one cannot show nonobviousness by attacking references individually where the rejections are based on combinations of references. *See In re Keller*, 642 F.2d 413, 208 USPQ 871 (C.C.P.A. 1981); *In re Merck & Co.*, 800 F.2d 1091, 231 USPQ 375 (Fed. Cir. 1986). Therefore, the individual attack on the "containers" of Shaw which houses "food stuff" as well as picnic supplies (which inherently may include beverages) and ice to show nonobvious that it isn't water that's being housed (although the examiner is of the opinion that food stuff may include water and picnic supplies may include water and ice is frozen water) along with the attack on Herckner for not using the word "emergency" or "water store" in its teaching of the reusable container is without merit as the rejection is based on a combination of references.
>
> . . .
>
> In response to Appellant's argument that the examiner did not address the evidence that was presented in response to the non-final action, i.e., a photograph, dictionary of terms and U.S.

> Patent No.[] 4,458,864, the examiner maintained the position that so far as defined by the original disclosure of claimed invention, the prior art addressed the limitations and rendered the invention obvious in light thereof. The use of evidence and definitions not part of the original disclosure cannot be subsequently interpreted or relied upon to further define the claimed invention.

J.A. 765–66 (cleaned up). Together, the Board's explanation and its adoption of the Examiner's findings produce a sufficient administrative record rejecting Ms. Miller's new evidence.

## III. CONCLUSION

For the reasons discussed above, the Board did not err in finding claim 1 of the '874 Patent Application obvious over the combination of Shaw and Herckner, and the Board provided a sufficient administrative record to reject the new evidence that Ms. Miller presented. We have considered Ms. Miller's other arguments and find them unpersuasive. Because Ms. Miller does not make any separate substantive arguments as to dependent claims 24–26 on appeal, we likewise affirm the Board's determination of obviousness as to these claims. Accordingly, we *affirm* the decision of the Board.

## AFFIRMED

### COSTS

No costs.